# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-0680V

| | |
|---|---|
| JEFF KLEINSCHMIDT,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: April 9, 2024 |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Emilie Williams*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On June 4, 2020, Jeff Kleinschmidt filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), alleging that he suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, after receiving an influenza ("flu") vaccine on September 11, 2018. Petition at 1, ¶¶ 1, 12. On December 5, 2023, I issued a decision finding Petitioner entitled to compensation and awarding damages to Petitioner, following briefing by the parties. ECF No. 44.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $25,635.91 (representing $25,182.50 for fees and $453.41 for costs). Petitioner's Application for Attorneys' Fees, filed Mar. 25, 2024, ECF No. 49. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id.* at 2. Respondent has not filed a response.

The rates requested for work performed through the end of 2023 are reasonable and consistent with our prior determinations, and will therefore be adopted. Petitioner has also requested 2024 attorney hourly rates as follows: $400 for work performed by Amy Senerth - representing a rate increase of $25. ECF No. 39 at 14. Additionally, Petitioner requests hourly rates ranging from $140 to $177 for paralegal work. *Id.* I find these hourly rates to be reasonable, and will award the attorney's fees requested.

I also note this case required additional briefing regarding the issues of entitlement and damages. *See* Status Report, filed Nov. 27, 2022, ECF No. 34 (reporting an impasse in settlement discussions); Petitioner's Brief in Support of Entitlement and Damages, filed Feb. 22, 2023, ECF No. 40; Petitioner's Reply to Respondent's Response to Petitioner's Brief in Support of Entitlement and Damages, filed May 5, 2023, ECF No. 43. Petitioner's counsel expended approximately 13.9 hours drafting the motion regarding entitlement and damages and 4.8 hours drafting the reply brief, totaling 18.7 hours. ECF No. 39 at 11-13. I find this amount of time to be reasonable and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred.)

Furthermore, Petitioner has provided supporting documentation for all claimed costs, ECF No. 39 at 16-20. And Respondent offered no specific objection to the rates or amounts sought. I have reviewed the requested costs and find them to be reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **I award a total of $25,635.91 (representing $25,182.50 for fees and $453.41 for costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Amy A. Senerth.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

                                            **s/Brian H. Corcoran**
                                            Brian H. Corcoran
                                            Chief Special Master